In re SÜD–CHEMIE
INCORPORATED,
Petitioner.

Misc. No. 817.

United States Court of Appeals,
Federal Circuit.

April 4, 2006.

Before MICHEL, Chief Judge,
LOURIE and GAJARSA, Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Süd–Chemie Incorporated (SCI) petitions for a writ of mandamus to direct the United States District Court for the South-

ern District of Indiana to vacate its order that compelled SCI to produce documents it asserts are protected by work product immunity. CSP Technologies, Inc. opposes.

SCI sued CSP Technologies seeking declaratory judgments of noninfringement, invalidity, and unenforceability of various CSP Technologies patents. SCI withheld from discovery a large number of documents based upon an assertion of work product immunity. CSP Technologies moved to compel production of the documents. The magistrate judge granted the motion to compel in part. SCI appealed to the district court the magistrate judge's ruling as it pertained to 54 documents.

The district court conducted a document-by-document review and determined that 52 of the documents must be produced. The district court held that those documents were not encompassed by the work product doctrine because they "were not created at the direction of an attorney or in conjunction with an attorney in anticipation of litigation." SCI petitions this court for a writ of mandamus to direct the district court to vacate that order.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that its right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Thus, SCI has a heavy burden to obtain the requested writ.

In *In re Cordis*, 769 F.2d 733, 737 (Fed. Cir.1985), we stated that mandamus must "be reserved for the most serious and critical ills, and if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on nor-

mal appeal, a court might find reversible error." SCI and CSP Technologies each cite district court cases that support their position. Of course in this case we are asked to review, by mandamus, a decision of yet another district court, and the district court here presumably considered those other district court cases in reaching its decision. The district court conducted a thorough document-by-document review and does not appear to have ignored pertinent legal issues. There is no clear appellate authority on the precise issue in this petition within either the regional circuit's or this court's jurisprudence. Thus, SCI's right to the requested relief is by no means clear and, upon review of SCI's arguments, SCI has not met its burden here.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.